## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **RAVEN FURY, INDIVIDUALLY AND AS NEXT FRIEND OF W.F., A MINOR** *Plaintiffs,* | § § § | |
| **vs.** | § § | **Case No.** 3:25-cv-3183 |
| | § § | **COMPLAINT** |
| | § § | **DEMAND FOR JURY TRIAL** |
| **BYHEART, INC., AND WALMART, INC.** *Defendants.* | § | |

## PLAINTIFF RAVEN FURY, INDIVIDUALLY AND AS NEXT FRIEND OF W.F., A MINOR'S ORIGINAL COMPLAINT

**NOW COMES** RAVEN FURY, Individually and as Next Friend of W.F., a Minor, Plaintiffs herein, and complain of BYHEART, INC., a Delaware Corporation, and WALMART, INC. a Delaware Corporation, and for cause of action would respectfully show the Court as follows:

## INTRODUCTION

1.     This lawsuit arises as a result of a tragic situation no parent should have to endure – discovering the baby formula products they had been feeding their infant son, Baby W.F., were contaminated with *Clostridium botulinum* – also known as infant botulism. This contamination caused Baby W.F. to suffer alarming symptoms such as weakness, lethargy, difficulty swallowing, and constipation, ultimately resulting in Baby W.F. being diagnosed with infant botulism.

2.     ByHeart and Walmart sold contaminated baby formula to unsuspecting consumers, who thought the ByHeart baby formula product to be wholesome, nutritious and safe for consumption by their infant children. The contaminated baby formula products have caused a national outbreak of infant botulism poisoning, resulting in the hospitalization of a multitude of infants – including Baby W.F.

## PARTIES

3.     Plaintiff, RAVEN FURY resides in Killeen, Bell County, Texas. RAVEN FURY is the biological parent of W.F., a minor, and sues as an individual and as next friend of W.F.

4.     Defendant BYHEART, INC. (hereinafter referred to as "ByHeart"), is a Delaware corporation with its headquarters and principal place of business at 131 Varick Street, 11th Floor, New York, NY 10013. **Citation is requested at this time.**

5.     Defendant WALMART, INC. (hereinafter referred to as "Walmart") is a Delaware corporation with its headquarters principal place of business in Arkansas, and who conducts business in the State of Texas. Defendant Walmart may be served with process by serving their registered agent, CT Corporation at 1999 Bryan Street, Ste. 900, Dallas, TX, 75201**. Citation is requested at this time.**

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and because there is complete diversity of citizenship between Plaintiff and Defendants. Specifically, Plaintiff is a resident of Texas while Defendant ByHeart is a resident of Delaware and New York, and Defendant Walmart is a resident of Delaware and Arkansas.

7.     Venue is proper in the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

8.     Defendant ByHeart was formed in 2016 to "obsessively innovate and improve on behalf of babies"

## A Better Formula for Formula®

We built ByHeart from the ground up to obsessively innovate and improve on behalf of babies and their parents—which means going further in every way.

and has advertised that as part of how they innovate is owning their "entire manufacturing process" – even highlighting that ByHeart is one of only five infant formula manufacturers in the United States that owns the entire manufacturing process.



## End-to-end is just the beginning.

We're here to innovate everything, even our manufacturing processes. That's why we built from the ground up—to become the first new infant formula manufacturer in the US in 15 years (we're one of only five in the entire country)—owning our entire manufacturing process soup to nuts.

9.    Additionally, ByHeart advertises that its product is "clean label" with the "cleanest ingredients"



That its products are made with "certified-clean ingredients"



and advertises the various "best formula" awards that they have won to sell their products, representing that they are made with clean ingredients for a safe, healthy, pure baby formula.



10.     ByHeart is not only advertised as being clean and pure, but as being easy and providing parents with "feeding freedom."



11.    Despite ByHeart's advertisements of their baby formula as being safe, healthy, and pure, reality could not be farther from these representations. Prior to the current outbreak of infant botulism due to ByHeart baby formula, ByHeart issued a recall in 2022 due to infant formula being contaminated with *C. Sakazekii*, a bacterium that can cause serious illness in infants. In ByHeart's statement, they attempted to highlight that "the recall is not related to ByHeart's own manufacturing in any way" – a statement that refuses to take accountability and attempts to direct any responsibility away from ByHeart[2]

---

[1] https://www.google.com/url?sa=i&url=https%3A%2F%2Fbusiness.walmart.com%2Fip%2FByHeart-Whole-Nutrition-Powder-Infant-Formula-for-0-12-Months-24-oz-Canister%2F5321833607&psig=AOvVaw2I6F-KWSAYUNMY_t1fTE_S&ust=1763585904312000&source=images&cd=vfe&opi=89978449&ved=0CBkQjhxqFwoTCOD2sczL_JADFQAAAAAdAAAAABAE (Last accessed November 17, 2025)

[2] *See* https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/byheart-issues-voluntary-recall-five-batches-its-infant-formula-because-possible-health-risk

12.     Despite the 2022 incident providing ByHeart with notice of potential contamination issues in their manufacturing system, another deadly contamination has occurred. On or about November 8, 2025, ByHeart announced an initial recall of ByHeart baby formula products due to reports of *Clostridium botulinum*, also known as infant botulism, found in certain units of the product.[3]

13.     On November 11, 2025, Defendant ByHeart expanded its recall to include all ByHeart formula nationwide due to the *Clostridium botulinum* contamination.[4] Additionally, Defendant ByHeart made a public statement designed not to take accountability but to highlight that *Clostidium botulinum* spores have not been found in unopened cans of formula and that the Food and Drug Administration's investigation was ongoing – a statement which deflects rather than takes accountability for their contaminated products.

14.     However, for Baby W.F., and for many others who have suffered serious injuries, the recall was too late. Beginning on or about August 1, 2025 at approximately 4 months of age, until August 30, 2025, Baby W.F. was regularly fed ByHeart baby formula. His family, including his mother RAVEN FURY, purchased the ByHeart baby formula from various Walmart stores in Kaufman County, Texas, believing them to be wholesome, pure, and healthy.

15.     On or about August 28, 2025, Baby W.F. became sick and began experiencing unexplained symptoms such as weakness, lethargy, difficulty swallowing, and constipation. Baby W.F. was taken to the doctor due to these unexplained symptoms and ultimately was hospitalized from August 30, 2025, until September 16, 2025, requiring a feeding tube due to Baby W.F.'s severe feeding difficulties. During his hospitalization, Baby W.F. was diagnosed with infant botulism,

---

[3] *See* U.S. Food and Drug Administration, *Warning Letter*, ByHeart, Inc., August 30, 2023, Warning Letter Ref. No. 653854, available at https://www.fda.gov/inspections-complianceenforcement-and-criminal-investigations/warning-letters/byheart-inc-653854-08302023.
[4] *See* https://www.fda.gov/food/outbreaks-foodborne-illness/outbreak-investigation-infant-botulism-infant-formula-november-2025.

resulting in severe muscle weakness, severe gross and fine motor delay, and feeding disorder requiring a nasogastric feeding tube.

16.    The ByHeart baby formula advertises that it is made with "certified-clean ingredients" and contains the statements "you will never (ever) find these in ByHeart" and lists various items such as "Gluten," "GMOs," and "Corn syrup." ByHeart additionally advertises its "clean label" award on the baby formula packaging. These statements and advertisements are intentionally used by Defendants to impart the feeling that parents are giving their infants a premium, pure, healthy formula.

17.    Young children, whose brains are still developing, are particularly vulnerable to botulism poisoning. Botulinum poisoning can cause several serious complications in infants and young children, including difficulty sucking or swallowing, weak cry, general weakness, constipation, respiratory difficulty, and respiratory arrest. Baby W.F. has suffered several of these complications due to his exposure to *Clostidium botulinum* and developing infant botulism.

18.    As of November 17, 2025, the Center for Disease Control ("CDC") had received 23 confirmed reports of adverse events potentially linked to recalled product.

## Case Counts

Total Illnesses: 23

Hospitalizations: 23

Deaths: 0

Last Illness Onset: November 11, 2025

States with Cases: AZ, CA, IL, KY, MI, MN, NC, NJ, OR, PA, RI, TX, WA

Product Distribution: Online and nationwide



These reports included 15 infant hospitalizations, with the infants aging in range from 16 days old to 157 days old.[5]

19.     Defendant Walmart, among others, was a seller of the contaminated ByHeart baby formula products. Plaintiff purchased the contaminated baby formula product from Walmart, among others.

### CAUSES OF ACTION – BYHEART, INC.
### Strict Liability

20.     Upon information and belief, at all times material hereto, Defendant ByHeart designed, formulated, sourced, prepared, processed, manufactured, tested, distributed and sold the baby formula product.

---

[5] *See* https://www.fda.gov/food/outbreaks-foodborne-illness/outbreak-investigation-infant-botulism-infant-formula-november-2025

21.    Defendant ByHeart is responsible for the introduction of the baby formula product into the stream of commerce.

22.    The baby formula product reached Plaintiffs without any substantial change in the condition in which it was manufactured and intended for use.

23.    Defendant ByHeart had a duty to use reasonable care in the design, formulation, sourcing, preparation, processing, manufacture, testing, distribution and sale of the baby formula product and each of its component parts such that it was not unreasonably dangerous to users when consumed as intended and in the manner foreseeable to Defendants.

24.    Defendant ByHeart breached that duty by design, formulation, sourcing, preparation, processing, manufacture, testing, distribution and sale of the baby formula product in a defective condition that was unreasonably dangerous to the safety of consumers such as Plaintiff.

25.    The baby formula product was defective because (1) the product diverged from its intended design and contained high levels of *Clostridium botulinum*, also known as infant botulism, which harmed Plaintiff; and (2) the design and manufacturing of the product did not satisfy normal consumer expectations.

26.    If the baby formula product had been properly designed, formulated, sourced, prepared, processed, manufactured and tested, Plaintiff would not have been harmed.

27.    As a direct and proximate result of Defendants' breach of their duty to use reasonable care in the design, formulation, sourcing, preparation, processing, manufacture, testing, distribution and sale of the baby formula product, Plaintiff has suffered grave bodily harm, extreme mental anguish, and have incurred medical and other expenses.

28.    To the extent the Defendants attempt, pursuant to Section 82.008 of the Texas Civ. Prac. Rem. Code, to rely on any standards or regulations of the United States government, such

standards or regulations were inadequate to protect against the risk of injury or damages that occurred in this incident, and the Defendants withheld or misrepresented information to the government regarding the adequacy of the safety standard at issue.

29.     Upon information and belief, Defendant ByHeart knew or should have known that the baby formula product contained *Clostridium botulinum*, also known as infant botulism.

30.     The baby formula product was unfit for its intended use, and defective for all uses.

31.     As a result, Defendant ByHeart is strictly liable to Plaintiff for the defective design, manufacture, distribution and sale of *Clostridium botulinum* tainted baby formula product in an amount to be proven at trial.

## **Products Liability - Design Defect**

32.     The product that failed is identified as baby formula. The failed product in question was designed, manufactured, marketed and placed into the stream of commerce by ByHeart in a defective condition and was substantially unchanged from the time it was placed into the stream of commerce. As the manufacturer of a defective component part of the product, ByHeart is subject to liability for defective design.

33.     The baby formula was unreasonably dangerous as that term is understood in Texas law. ByHeart effectively designed, marketed and manufactured the defective product, which rendered it unreasonably dangerous for its intended and foreseeable use and which was the producing cause of the outbreak and the serious injuries sustained by Plaintiff and other infants.

34.     The design of the baby formula was defective and unreasonably dangerous because it did not incorporate available features to keep it free from *Clostridium botulinum*, also known as infant botulism.

35.     There was a safer alternative design of the product that did not contain *Clostridium*

*botulinum*, also known as infant botulism. Tex. Civ. Prac. & Remedies Code Section 82.005(a).

36.    The safer alternative design would have prevented or significantly reduced the risk of Plaintiff's personal injury without substantially impairing the product's utility and was economically and technologically feasible at the time the product left the control of the manufacturer by the application of existing and reasonably achievable scientific knowledge. Tex. Civ. Prac. & Remedies Code Section 82.005(b)(1), (2).

37.    The defect was the producing cause of Plaintiff's personal injury, for which they seek recovery. Tex. Civ. Prac. & Remedies Code Section 82.005(b).

38.    As a result of the defective design of the baby formula, including but not limited to the above-identified defects, the product contained an extremely high and dangerous level of *Clostridium botulinum*, also known as infant botulism. The propensity of infants being injured due to the consumption of the botulism-tainted baby formula under normal and foreseeable conditions is high, as the person consuming the baby formula would have botulism enter their bodies, which can cause serious and lasting injuries, as is presently at issue. Comparing the utility versus the risk of harm, the product as it was sold by ByHeart was defective and unreasonably dangerous with regard to design, manufacture and marketing.

39.    ByHeart was consciously aware that the incorporation of proper standards and handling of the product would reduce, retard, or eliminate the occurrence of botulism in the product. Moreover, ByHeart made the conscious decision to forego the incorporation of these standards in an effort to reduce costs and, in doing so, risked Plaintiff's safety for the sake of additional profits.

40.    As a result, ByHeart is liable to Plaintiff for their defective design of the baby formula product in an amount to be proven at trial.

## Products Liability - Manufacturing Defect

41.     Plaintiff alleges and incorporates the foregoing paragraphs, as though fully set forth herein.

42.     The baby formula product was defectively manufactured in that it contained unreasonably dangerous levels of *Clostridium botulinum*, also known as infant botulism. Defendants' failure to use and comply with good manufacturing practices caused the baby formula product to contain extremely high levels of botulism. The product was consumed by Plaintiff, Baby W.F., causing him to become extremely ill due to the high levels of botulism he consumed through ByHeart's product. The manufacturing defect was the producing and proximate cause of the event made the basis of this suit and Plaintiff's resulting injuries and damages.

## Breach of Express and Implied Warranties

43.     As set forth herein, ByHeart represented that the baby formula possessed qualities that it did not in fact possess.

44.     Included with the product at the time of purchase, ByHeart made express and implied warranties that the baby formula was dependable, reliable, free from defects of merchantable quality, and fit for their consumption.  Plaintiffs relied on ByHeart's skill and judgment to provide a suitable, merchantable, defective free product.

45.     However, the baby formula which Plaintiff received was unmerchantable, defective, and not fit for its intended use, as the baby formula contained very high levels of botulism.

46.     ByHeart was aware of the defects.

47.     Having knowledge of the defects in the baby formula that resulted in an unreasonably dangerous product, ByHeart nonetheless continued to place the defective product into the stream of commerce and warranty the baby formula.

48.     By the conduct described herein, ByHeart failed to conform the baby formula to the express and implied warranties that had been made. As a result of Defendants' breach of warranties, Plaintiff Baby W.F. became seriously ill with infant botulism and suffered lasting injury.

49.     As a direct and proximate result of ByHeart's wrongful acts set forth herein, Plaintiff Baby W.F. consumed the baby formula containing high levels of botulism, causing him harmful exposure to very high levels of botulism. As a direct and proximate result, Plaintiff suffered severe bodily harm, pain, suffering, and emotional distress. Further, Plaintiff incurred both financial and economic loss. Plaintiff has been damaged in an amount to be determined at trial.

### Violations of Texas Deceptive Trade Practices Act

50.     Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant ByHeart under the provisions of the Deceptive Trade Practices Act ("DTPA"), including without limitation the misrepresentations made by Defendant ByHeart as set forth above which were made to and which did, in fact, induce Plaintiff into accepting products from Defendant ByHeart. Plaintiff is a consumer of goods and services provided by Defendant ByHeart pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant ByHeart. Specifically, Defendant ByHeart's violations of the DTPA include, without limitation, the following matters:

51.     By their acts, omissions, failures, and conduct that are described in this petition, Defendant ByHeart have violated Sections 17.46 (b)(5), (7), (9), (20) and (24) of the DTPA, which gives Plaintiff the right to recover under Section 17.46 (b)(2).

52.     As described in this petition, Defendant ByHeart represented to Plaintiff that their product, specifically, their baby formula, had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

53.    As described in this petition, Defendant ByHeart represented to Plaintiff that their product, specifically their baby formula, was of a particular standard, quality, or grade when it was of another, in violation of Section 17.46 (b)(7) of the DTPA;

54.    As described in this petition, Defendant ByHeart advertised their product with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

55.    As described in this petition, Defendant ByHeart failed to disclose information concerning their product, which was known at the time of the transaction, and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

56.    Defendant ByHeart has breached an express warranty that their products, including, but not limited to, the subject baby formula, did not contain unsafe levels of botulism, and was fit for its intended use of being consumed by infants. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

57.    Defendant ByHeart's actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant ByHeart's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

58.    All of the above-described acts, omissions, and failures of Defendant ByHeart are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant ByHeart were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

## **Negligence**

59.    ByHeart was negligent because they failed to use reasonable care when they designed, tested, manufactured, marketed, and sold the baby formula product.

60.    As the designers, testers, manufactures and/or sellers of consumer products, ByHeart owed a duty to Plaintiff to provide a safe, quality product. ByHeart breached that duty.

61.    As a direct and proximate result of ByHeart's negligence, lack of care, recklessness, and other wrongful acts, Plaintiff sustained damages.

62.    As a result of ByHeart's negligence, Plaintiff has suffered severe bodily harm, pain, suffering, and emotional distress as a direct result of Baby W.F.'s consumption of the baby formula product containing high levels of botulism.

63.    As a direct, proximate, and foreseeable consequence of ByHeart's negligence, Plaintiff has been damaged in an amount to be determined at trial.

## **Gross Negligence**

64.    The above-referenced acts and/or omissions by Defendant ByHeart constitutes malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code. Defendant's acts and/or omissions described above, when viewed from the vantage point of Defendant ByHeart at the time of the acts and/or omissions, involved an extreme degree of risk of serious bodily injury or death, considering the probability and magnitude of the potential harm to Plaintiff.

65.    The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

66.    Defendant had actual, subjective awareness of the risk involved in the above-described acts and/or omissions but nevertheless proceeded with a conscious indifference to the rights, safety, or welfare of Plaintiff.

67.    Based on the facts stated herein, Plaintiff requests that exemplary damages be awarded in an amount to be determined at trial.

## CAUSES OF ACTION –WALMART STORES, INC.
### Walmart Inc.'s Liability as a Nonmanufacturing Seller

68.    It is not in dispute at this time that Walmart solely acted as a retailer of the ByHeart baby formula and did not manufacture the product.  However, Plaintiff relied on Walmart's representation that the ByHeart product was a wholesome, nutritious source of nutrients for Baby W.F. as it was on the store shelves with other similarly advertised baby formula products. By allowing customers to purchase the ByHeart product and advertising it to be a safe product as others on the shelves, Walmart made a factual representation about the baby formula being a safe product, a representation which was incorrect. Plaintiff detrimentally relied on the representation when obtaining or purchasing the baby formula, and, if the formula had been as safe as the other nearby, similarly situated products on the shelves, Plaintiff would not have been harmed by the baby formula nor would they have suffered the same degree of harm.

69.    Therefore, Walmart falls within the exception of the Nonmanufacturing Seller Statute, contained in §82.003(a)(5) of the Tex. Civ. Prac. & Rem. Code.  Section 82.003(a)(5) states:

(a) A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves:
    (5) that:
        (A)  the seller made an express factual representation about an aspect of the product;
        (B)  the representation was incorrect;
        (C)  the claimant relied on the representation in obtaining or using the product; and
        (D)  if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm;

70.    In the instant case, as stated above, Plaintiff detrimentally relied on Walmart's factual representation that the ByHeart baby formula was wholesome, nutritious, and would not harm Baby W.F.  The representation of wholesomeness and nutritiousness was skewed because it was later

determined that the baby formula was contaminated with *Clostridium botulinum.*  Had the product

been as advertised, Plaintiff, to include Baby W.F., would not have suffered harm from the product

or would not have suffered the same degree of harm.  Therefore, Walmart "has stepped out from

under the sheltering umbrella of the manufacturer and may no longer be regarded as an "innocent

seller" under the Texas Statute."  *Stanley v. Target Corp.*, No. CV H-07-3680, 2009 WL 10692677

(S.D. Tex. May 1, 2009).

## CAUSATION AND DAMAGES

71.    As a direct and proximate result of consuming the defective product containing

extremely high levels of botulism, and the negligent conduct of the Defendants, Baby W.F. suffered

grave bodily injuries due to infant botulism, including but not limited to severe muscle weakness,

severe gross and fine motor delay, and feeding disorder requiring a nasogastric feeding tube.

72.    Plaintiff has incurred expenses for medical care and attention, and in reasonable

probability they will continue to incur the same in the future. These expenses were incurred for the

necessary care and treatment of the injuries resulting from the incident complained of. The charges

are reasonable and were the usual and customary charges made for such services in the County where

they were incurred. Plaintiff herein seeks a claim for past and future medical care expenses.

73.    Additionally, Plaintiff makes a claim for pain and suffering, mental anguish, physical

disfigurement, physical impairment, and loss of future earning capacity.

74.    Plaintiff has suffered losses and damages in a sum within the minimum jurisdictional

limits of this Court for which he sues.

75.    Plaintiff requests both pre-judgment and post-judgment interest on all damages as

allowed by law.

## JURY DEMAND

76.    Plaintiff demands a trial by jury on all issues.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff request that the Defendants be required to answer this petition, and on final trial hereafter, that Plaintiff have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, for damages, treble damages, court costs and attorney's fees, together with all pre judgment and post judgment interest as allowed by law, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including but not limited to:

1.  Pain and suffering in the past;
2.  Pain and suffering in the future;
3.  Mental anguish in the past;
4.  Mental anguish in the future;
5.  Past medical expenses;
6.  Future medical expenses;
7.  Physical impairment in the past;
8.  Physical impairment in the future;
9.  Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Loss of earnings;
12. Loss of earning capacity;
13. Pre judgment interest;
14. Post judgment interest; and
15. Exemplary damages.

Respectfully submitted: November 19, 2025.

THOMAS J. HENRY INJURY ATTORNEYS

By:

Travis E. Venable
Federal Bar No. 1531849
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78249
Telephone: (210) 656-1000
Facsimile: (888) 956-8001
Email: tvenable-svc@tjhlaw.com

**ATTORNEYS FOR PLAINTIFFS**

JS 44 (Rev. 04/21) (TXND 4/21)

Case MDL No. 3178    Document 1-10    Filed 11/25/25    Page 22 of 27
Case 3:25-cv-03183-N    Document 1-1    Filed 11/19/25    Page 1 of 2    PageID 22

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RAVEN FURY, INDIVIDUALLY AND AS NEXT FRIEND OF W.F., A MINOR

**DEFENDANTS**
BYHEART, INC., AND WALMART, INC.

**(b)** County of Residence of First Listed Plaintiff  Bell County, TX
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  New York County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Travis E. Venable, The Law Offices of Thomas J. Henry, Injury Attorneys, 5711 University Heights Blvd., Ste. 101 San Antonio, TX 78249; 210-656-1000

Attorneys *(If Known)*
Not Applicable, at this time.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [X] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [X] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Tex. Civ. Prac. & Remedies Code Section 82.005(a) and 82.005(b)(1),(2); and, Sections 17.46 (b)(5), (7), (9), (20) and (24) of the DTPA
Brief description of cause:
Minor, Warren Fury consumed ByHeart's contaminated baby formula on or around 8/1/2025, ultimately sustaining severe injuries.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
11/19/2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

JS 44 Reverse (Rev. 04/21) (TXND 04/21)

Case: MDL No. 3178     Document 1-10     Filed 01/15/26     Page 23 of 27
Case 3:25-cv-03183-N     Document 1-1     Filed 11/19/25     Page 2 of 2     PageID 23

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Query    Reports ▾    Utilities ▾    Help    Log Out

JURY

# U.S. District Court
## Northern District of Texas (Dallas)
## CIVIL DOCKET FOR CASE #: 3:25-cv-03183-N

Fury v. ByHeart Inc et al
Assigned to: Senior Judge David C Godbey
Cause: 28:1332 Diversity-Product Liability

Date Filed: 11/19/2025
Jury Demand: Plaintiff
Nature of Suit: 365 Torts/Pers Inj: Product Liability
Jurisdiction: Diversity

**Plaintiff**

**Raven Fury**
*Individually and as Next Friend of WF, a minor*

represented by **Travis Edward Venable**
Thomas J. Henry Injury Attorneys
28010 Carmel Valley
Boerne, TX 78015
865-809-6216
Email: tvenable-svc@tjhlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ByHeart Inc**

represented by **Meagan Dyer Self**
DLA Piper US LLP
1900 North Pearl Street
Suite 2200
Dallas, TX 75201
214-743-4556
Fax: 214-743-4545
Email: meagan.self@dlapiper.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bethany Woodard Kristovich**
Munger, Tolles & Olson LLP
350 S. Grand Avenue
Los Angeles, CA 90071
213-683-9292
Email: bethany.kristovich@mto.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Benjamin Levin**
Munger, Tolles & Olson
350 South Grand Avenue
Suite 50th Floor

Los Angeles, CA 90071
213-683-9135
Fax: 213-687-3702
Email: daniel.levin@mto.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Juliana Yee**
Munger, Tolles & Olson LLP
560 Mission Street
27th Floor
San Francisco, CA 94105
415-512-4028
Fax: 415-512-4077
Email: juliana.yee@mto.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Walmart Inc**              represented by  **Troy L Vancil**
Norton Rose Fulbright US LLP
111 West Houston Street
Ste 1800
San Antonio, TX 78205
210-270-7160
Fax: 210-270-7205
Email: troy.vancil@nortonrosefulbright.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/19/2025 | 1 | COMPLAINT WITH JURY DEMAND against All Defendants filed by Raven Fury, Individually and as Next Friend of W.F., a Minor. (Filing fee $405; Receipt number ATXNDC-16000319) Plaintiff will submit summons(es) for issuance. In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 Cover Sheet) (Venable, Travis) (Entered: 11/19/2025) |
| 11/19/2025 | 2 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Raven Fury, Individually and as Next Friend of W.F., a Minor. (Clerk QC note: Affiliate entry indicated). (Venable, Travis) (Entered: 11/19/2025) |
| 11/19/2025 | 3 | MOTION Plaintiffs Motion for Leave to Appear Without Local Counsel filed by Raven Fury, Individually and as Next Friend of W.F., a Minor (Venable, Travis) (Entered: 11/19/2025) |

| | | |
|---|---|---|
| 11/19/2025 | 4 | New Case Notes: A filing fee has been paid. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge (Judge Horan). Clerk to provide copy to plaintiff if not received electronically. (kcr) (Entered: 11/20/2025) |
| 11/20/2025 | 5 | Request for Clerk to issue Summons in a Civil Action filed by Raven Fury. (Venable, Travis) (Entered: 11/20/2025) |
| 11/20/2025 | 6 | Request for Clerk to issue Summons in a Civil Action Against Defendant, WalMart, Inc. filed by Raven Fury. (Venable, Travis) (Entered: 11/20/2025) |
| 11/20/2025 | 7 | Summons Issued as to ByHeart Inc, Walmart Inc. (cfk) (Entered: 11/20/2025) |
| 11/24/2025 | 8 | ELECTRONIC ORDER granting 3 Motion for leave to proceed without local counsel. (Ordered by Senior Judge David C Godbey on 11/24/2025) (chmb) (Entered: 11/24/2025) |
| 12/11/2025 | 9 | NOTICE of Attorney Appearance by Meagan Dyer Self on behalf of ByHeart Inc. (Filer confirms contact info in ECF is current.) (Self, Meagan) (Entered: 12/11/2025) |
| 12/11/2025 | 10 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by ByHeart Inc. (Clerk QC note: Affiliate entry indicated). (Self, Meagan) (Entered: 12/11/2025) |
| 12/11/2025 | 11 | Unopposed Motion for Extension of Time to File Answer *Move, or Otherwise Respond to the Complaint* filed by ByHeart Inc (Attachments: # 1 Proposed Order) (Self, Meagan) (Entered: 12/11/2025) |
| 12/12/2025 | 12 | ELECTRONIC ORDER granting 11 Motion for Extension of Time to File Response. Defendant ByHeart, Inc.s response to the complaint is due January 7, 2026. (Ordered by Senior Judge David C Godbey on 12/12/2025) (chmb) (Entered: 12/12/2025) |
| 12/22/2025 | 13 | MOTION to Dismiss *Plaintiff's Complaint* filed by Walmart Inc with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order)Attorney Troy L Vancil added to party Walmart Inc(pty:dft) (Vancil, Troy) (Entered: 12/22/2025) |
| 12/22/2025 | 14 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Walmart Inc. (Clerk QC note: No affiliate entered in ECF). (Vancil, Troy) (Entered: 12/22/2025) |
| 12/23/2025 | 15 | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-16077873) filed by ByHeart Inc (Attachments: # 1 Proposed Order)Attorney Bethany Woodard Kristovich added to party ByHeart Inc(pty:dft) (Kristovich, Bethany) (Entered: 12/23/2025) |
| 12/23/2025 | 16 | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-16077948) filed by ByHeart Inc (Attachments: # 1 Proposed Order)Attorney Daniel Benjamin Levin added to party ByHeart Inc(pty:dft) (Levin, Daniel) (Entered: 12/23/2025) |
| 12/23/2025 | 17 | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-16077968) filed by ByHeart Inc (Attachments: # 1 Proposed Order)Attorney Juliana Yee added to party ByHeart Inc(pty:dft) (Yee, Juliana) (Entered: 12/23/2025) |
| 01/02/2026 | 18 | ELECTRONIC ORDER granting 15 Application for Admission Pro Hac Vice of Bethany W. Kristovich. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Senior Judge David C Godbey on 1/2/2026) (chmb) (Entered: 01/02/2026) |
| 01/02/2026 | 19 | ELECTRONIC ORDER granting 16 Application for Admission Pro Hac Vice of Daniel B. Levin. Important Reminder: Unless excused for cause, an attorney who is not an ECF user |

| | | must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Senior Judge David C Godbey on 1/2/2026) (chmb) (Entered: 01/02/2026) |
|---|---|---|
| 01/02/2026 | 20 | ELECTRONIC ORDER granting 17 Application for Admission Pro Hac Vice of Juliana M. Yee. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Senior Judge David C Godbey on 1/2/2026) (chmb) (Entered: 01/02/2026) |
| 01/05/2026 | 21 | RESPONSE filed by Raven Fury re: 13 MOTION to Dismiss *Plaintiff's Complaint* (Attachments: # 1 Proposed Order) (Simms, Katharine) (Entered: 01/05/2026) |
| 01/07/2026 | 22 | MOTION to Dismiss - *Complaint* - filed by ByHeart Inc (Attachments: # 1 Proposed Order) (Self, Meagan) (Entered: 01/07/2026) |
| 01/07/2026 | 23 | Brief/Memorandum in Support filed by ByHeart Inc re 22 MOTION to Dismiss - *Complaint* - (Self, Meagan) (Entered: 01/07/2026) |
| 01/08/2026 | 24 | ORDER REQUIRING STATUS AND SCHEDULING CONFERENCE: The parties are directed to confer within 14 days of the date of this Order regarding the following matters, and report to the Court within 14 days after the conference the parties' position. (Ordered by Senior Judge David C Godbey on 1/8/2026) (ndt) (Entered: 01/08/2026) |
| 01/12/2026 | 25 | Joint MOTION to Extend Time Respond/Reply to ByHeart's Motion to Dismiss filed by ByHeart Inc (Attachments: # 1 Proposed Order) (Self, Meagan) (Entered: 01/12/2026) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/14/2026 10:32:23 | | | |
| **PACER Login:** | 17233WASH | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:25-cv-03183-N |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |