**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**


**NOTICE OF HEARING SESSION**


Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:          **March 26, 2026**

LOCATION OF HEARING SESSION:     Hugo L. Black United States Courthouse
1729 Fifth Avenue North, Courtroom 8
Birmingham, AL 35203


TIME OF HEARING SESSION:  In those matters designated for oral argument, counsel requesting oral argument must be present at **8:00 a.m.** in order for the Panel to allocate the amount of time for oral argument.  Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS:  Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for Transfer filed pursuant to Rules 6.1 and 6.2.  Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c).  Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument.  The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district.  Any change in position should be conveyed to Panel staff before the beginning of oral argument.  Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

- A transcript of the oral argument will be filed in each docket when it becomes available.  Parties who wish to order a transcript may obtain the court reporter's contact information from the court reporter at the hearing or from the Panel at 202-502-2800 following the hearing.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **March 2, 2026.**  The procedures governing Panel oral argument (Panel Rule 11.1) are attached.  The Panel strictly adheres to these procedures.

FOR THE PANEL:

Marcella R. Lockert
Acting Clerk of the Panel

cc:  Clerk, United States District for the Northern District of Alabama

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**HEARING SESSION ORDER**

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on March 26, 2026, the Panel will convene a hearing session in Birmingham, Alabama to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c).  The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton          Matthew F. Kennelly
David C. Norton              Roger T. Benitez
Dale A. Kimball              Madeline Cox Arleo

SCHEDULE OF MATTERS FOR HEARING SESSION
March 26, 2026 −− Birmingham, Alabama

## SECTION A
## MATTERS DESIGNATED FOR ORAL ARGUMENT

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 3176 −  **IN RE: SUPER SAFETY PATENT LITIGATION**

Motion of defendants/counter claimants 80Mills LLC d/b/a Tactical Titan Supply, Pearson Gardner, DNT LLC d/b/a Deez Nutz Tactical, Zach Morrow, Z3 Productions LLC d/b/a Z3 PRO, Harrison Gunworks LLC, Tyler Harrison, Hanes Tactical LLC, Damion Terrell Bennett, and Steven Thanh Nguyen d/b/a Polymer Pew to transfer actions to the United States District Court for the Northern District of Ohio:

District of Idaho

RARE BREED TRIGGERS, INC., ET AL. v. DNT LLC, ET AL., C.A. No. 4:25−00298
ABC IP, LLC, ET AL. v. HARRISON GUNWORKS LLC, ET AL., C.A. No. 4:25−00299

Northern District of Ohio

ABC IP, LLC, ET AL. v. 80MILLS LLC, ET AL., C.A. No. 1:25−01262

Western District of Oklahoma

ABC IP, LLC, ET AL. v. Z3 PRODUCTIONS LLC, C.A. No. 5:25−00695

Southern District of Texas

ABC IP, LLC, ET AL. v. NGUYEN, C.A. No. 4:25−02961

Western District of Texas

ABC IP, LLC, ET AL. v. HANES TACTICAL LLC, ET AL., C.A. No. 3:25−00201

MDL No. 3177 −  **IN RE: HUEL, INC., HEAVY METAL PRODUCTS LIABILITY LITIGATION**

Motion of plaintiff Sylvia Settecasi to transfer actions to the United States District Court for the Eastern District of New York:

Northern District of California

SARAYLI, ET AL. v. HUEL, LTD., C.A. No. 5:25−08878

Southern District of Florida

SETTECASI v. HUEL INC., C.A. No. 0:25−62507

Eastern District of New York

RILEY v. HUEL INC., C.A. No. 1:25−05783
TAL, ET AL. v. HUEL INC., C.A. No. 1:25−06508

Southern District of New York

GOULDBOURNE v. HUEL INC., C.A. No. 1:25−08921

MDL No. 3178 −  **IN RE: BYHEART, INC., INFANT FORMULA MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

Motion of plaintiffs Madison Wescott and Tyler Wescott to transfer actions to the United States District Court for the Southern District of New York:

District of Arizona

DEXTER, ET AL. v. BYHEART INCORPORATED, C.A. No. 3:25−08241

Central District of California

MAZZIOTTI, ET AL. v. BYHEART, INC., ET AL., C.A. No. 2:25−12116

Eastern District of California

BARBERA, ET AL. v. BYHEART, INC., C.A. No. 2:25−03339

Northern District of Illinois

LLAPASHTICA, ET AL. v. BYHEART, INC., A DELAWARE CORPORATION, C.A. No. 1:26−00328

Eastern District of Kentucky

EVERETT, ET AL. v. BYHEART, INC., C.A. No. 5:25−00422

District of Minnesota

FLOWERS, ET AL. v. BYHEART, INC., C.A. No. 0:25−04383

Eastern District of New York

VALENZUELA v. BYHEART, INC., C.A. No. 1:25−06333

Southern District of New York

ZETTERSTROM v. BYHEART, INC., C.A. No. 1:25−09419
SCHNEIDER v. BYHEART, INC., C.A. No. 1:25−09543
PILATO, ET AL. v. BYHEART, INC., C.A. No. 1:25−09550
LINTON, ET AL. v. BYHEART, INC., C.A. No. 1:25−09597
ARCHULETA v. BYHEART, INC., C.A. No. 1:25−09714
BREARY, ET AL. v. BYHEART, INC., C.A. No. 1:25−09774
RACHWAL, ET AL. v. BYHEART, INC., C.A. No. 1:25−10011
NOONAN, ET AL. v. BYHEART, INC., C.A. No. 1:25−10243

Middle District of Pennsylvania

SEPULVEDA, ET AL. v. BYHEART, INC., C.A. No. 1:25−02210

Northern District of Texas

FURY v. BYHEART, INC., ET AL., C.A. No. 3:25−03183

Southern District of Texas

JOSEPH, ET AL. v. BYHEART, INC., C.A. No. 3:25−00391

Western District of Washington

WESCOTT, ET AL. v. BYHEART, INC., C.A. No. 3:25−06039

MDL No. 3179 −  **IN RE: FIRE APPARATUS ANTITRUST LITIGATION**

Motion of defendants Oshkosh Corporation, Pierce Manufacturing, Inc., et al. to transfer actions to the United States District Court for the Northern District of Illinois:

District of Massachusetts

CITY OF REVERE v. AIP, LLC, ET AL., C.A. No. 1:25−13462
CITY OF CHELSEA v. FIRE APPARATUS MANUFACTURERS'
    ASSOCIATION, ET AL., C.A. No. 1:25−13643

District of New Jersey

BOROUGH OF ROSELAND v. FIRE APPARATUS MANUFACTURERS'
    ASSOCIATION, ET AL., C.A. No. 2:25−18312

Eastern District of Wisconsin

IN RE: INDIRECT PURCHASER FIRE APPARATUS ANTITRUST LITIGATION,
    C.A. No. 1:25−01252
IN RE: DIRECT PURCHASER FIRE APPARATUS ANTITRUST LITIGATION,
    C.A. No. 1:25−01543
THE NEWSTEAD FIRE CO., INC. v. OSHKOSH CORPORATION, ET AL.,
    C.A. No. 1:25−01693
CITY OF ONALASKA v. OSHKOSH CORPORATION, ET AL., C.A. No.
    1:25−01717
CITY OF PHILADELPHIA v. OSHKOSH CORPORATION, ET AL., C.A. No.
    1:25−01801
CITY OF ANN ARBOR v. OSHKOSH CORPORATION, ET AL., C.A. No.
    1:25−01973
CITY OF LIBERTY,  MISSOURI v. OSHKOSH CORPORATION, ET AL., C.A.
    No. 1:25−02002
CITY OF ARCADIA v. AMERICAN INDUSTRIAL PARTNERS LLC, ET AL.,
    C.A. No. 1:25−02005
COMMACK FIRE DISTRICT v. OSHKOSH CORPORATION, ET AL., C.A. No.
    1:25−02013

- 4 -

## SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2843 −   **IN RE: FACEBOOK, INC., CONSUMER PRIVACY USER PROFILE LITIGATION**

Motion of defendant Meta Platforms, Inc., to transfer the following action to the United States District Court for the Northern District of California:

Central District of California

O'NEILL v. META PLATFORMS, INC., C.A. No. 8:25−02767

MDL No. 2873 −   **IN RE: AQUEOUS FILM−FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs City of Clanton Water Works and Sewer Board, Coosa Valley Water Supply District, Inc., Shelby County, Alabama, et al., the City of Irondale, Alabama, the State of Maine, and the City of Fresno to transfer of their respective actions to the United States District Court for the District of South Carolina:

Middle District of Alabama

CITY OF CLANTON WATER WORKS AND SEWER BOARD v. 3M COMPANY, ET AL., C.A. No. 2:25−00751

Northern District of Alabama

SHELBY COUNTY, ALABAMA, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:25−00112
COOSA VALLEY WATER SUPPLY DISTRICT, INC. v. 3M COMPANY, ET AL., C.A. No. 1:25−01931
CITY OF IRONDALE, ALABAMA v. 3M COMPANY, INC., ET AL., C.A. No. 2:24−01327

Eastern District of California

CITY OF FRESNO v. 3M COMPANY, ET AL., C.A. No. 1:25−02057

District of Maine

STATE OF MAINE v. 3M COMPANY, ET AL., C.A. No. 2:23−00210
STATE OF MAINE v. 3M COMPANY, ET AL., C.A. No. 2:25−00453

MDL No. 2885 −   **IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION**

Motion of defendant Bryan F. Aylstock to transfer the following action to the United States District Court for the Northern District of Florida:

Northern District of Texas

CANUP v. AYLSTOCK, ET AL., C.A. No. 4:25−01255

MDL No. 3014 −   **IN RE: PHILIPS RECALLED CPAP, BI−LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Gary Gravelyn to transfer the following action to the United States District Court for the Western District of Pennsylvania:

Northern District of California

GRAVELYN v. KONINKLIJKE PHILIPS N.V., ET AL., C.A. No. 3:25−10908

MDL No. 3084 −   **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION**

Oppositions of respondents Express Digital Services, LLC, Shawn Graft, and plaintiff Winter McClain to transfer of the following actions to the United States District Court for the Northern District of California:

District of Colorado

UBER TECHNOLOGIES, INC., ET AL. v. EXPRESS DIGITAL SERVICES, LLC, ET AL., C.A. No. 1:25-mc-00121

Northern District of Illinois

MCCLAIN v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 1:26−00297

MDL No. 3128 −   **IN RE: DIVIDEND SOLAR FINANCE, LLC, AND FIFTH THIRD BANK SALES AND LENDING PRACTICES LITIGATION**

Motion of defendant Dividend Finance, Inc., to transfer the following action to the United States District Court for the District of Minnesota:

District of New Jersey

FORERO v. SOLAR VISION, LLC, ET AL., C.A. No. 3:25−18237

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

    (a)    <u>Schedule</u>. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to the parties. The Panel may continue its consideration of any scheduled matters.

    (b)    <u>Oral Argument Statement</u>. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard.  Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

    (i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

    (c)    <u>Hearing Session</u>. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session. The Panel may dispense with oral argument in any given matter if it determines that:

    (i)    the dispositive issue(s) have been authoritatively decided;

    (ii)    the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.

    (iii)    circumstances have rendered oral argument impracticable

The Panel typically hears oral argument on motions to create a new MDL and dispenses with oral argument for motions involving transfer to or remand from an existing MDL.  Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the case documents.

    (d)    <u>Notification of Oral Argument</u>. The Panel shall promptly notify the parties of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the case documents. The Clerk of the Panel shall require parties to file and serve notice of their intent to either make or waive oral argument. Failure to file an oral argument notice shall be deemed a waiver of oral argument. If a party or the party's counsel does not attend oral argument, the matter shall not be rescheduled, and that party's position shall be treated as submitted for decision on the basis of the case documents.

    (i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

    (ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

    (e)    <u>Duty to Confer</u>. The parties in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for the parties to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

(f)    <u>Time Limit for Oral Argument</u>. Barring exceptional circumstances, the Panel shall allot a maximum of (and typically fewer than) 20 minutes for oral argument in each motion for centralization under consideration. The time allotted shall be divided among those with varying viewpoints. The moving party or parties shall generally be heard first. Due to the brief time allotted for oral argument in each matter, the Panel strongly discourages the use of demonstrative exhibits during the presentation of oral argument.